UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KARL HENRY LUCCE,

              Plaintiff,

        - against -

SCOTT INWALD,

              Defendant.
---------------------------------------------------------x
KARL HENRY LUCCE,

              Plaintiff,

        - against -

SIM and DEPAOLA, LLP,

              Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-4420 (PKC) (MMH)
25-CV-4544 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Karl Henry Lucce, presently detained in an Immigration and Custom Enforcement ("ICE") detention facility in Batavia, New York, brings these two actions *pro se* invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. (Compl., No. 25-CV-4420, Dkt. 1; Compl., No. 25-CV-4544, Dkt. 1.)  The Court consolidates these actions solely for the purpose of this Order.  Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted.  (IFP Request, No. 25-CV-4420, Dkt. 2; IFP Request, No. 25-CV-4544, Dkt. 2.)  For the reasons discussed below, the Complaints are dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff brings these actions against attorney Scott Inwald and the law firm Sim and DePaola, LLP (collectively, "Defendants"), who each represented Plaintiff in a personal injury

case related to a 2017 car accident in Brooklyn, New York. (*See* Compl., No. 25-CV-4420, Dkt. 1; Compl., No. 25-CV-4544, Dkt. 1.) Plaintiff alleges that Defendants failed to provide him with information about his case and did not release settlement proceeds owed to him. (Compl., No. 25-CV 4420, Dkt. 1, at 5; Compl., No. 25-CV-4544, Dkt. 1, at 5.)

## LEGAL STANDARD

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (mothing that "Even after *Twombly*, [courts] remain obligated to construe a pro se complaint liberally"). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In addition, "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional

questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011). If a court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

Plaintiff's Complaints, even construed liberally, do not raise any colorable federal claim to confer federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). "Federal jurisdiction is typically based on the fact that federal law creates the plaintiff's asserted cause of action." *Id.* (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.")).

Here, Plaintiff's asserted causes of action are all legal malpractice claims, which arise under state, not federal, laws. (*See* Compl., No. 25-CV-4420, Dkt. 1; Compl., No. 25-CV-4544, Dkt. 1); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); *see also Sarner v. Sacco & Fillas*, No. 22-CV-4326 (LDH), 2022 WL 17538630, at * 2 (E.D.N.Y. Dec. 7, 2022) ("There is no federal question jurisdiction over legal malpractice claims because they are predicated upon violations of state law and therefore, do not 'depend[ ] on resolution of a substantial question of federal law.'" (quoting *Bracey*, 368 F.3d at 113). Plaintiff

3

fails to present facts that demonstrate that Defendants violated any federal law, or that federal law creates his asserted causes of action, such as to confer federal question jurisdiction under 28 U.S.C. § 1331.[1]

## CONCLUSION

Accordingly, both Complaints, filed *in forma pauperis*, are dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). In light of the Court's duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend his Complaints but finds that amendment would be futile. *See Eldars v. State Univ. Of N.Y. At Albany*, No. 20-CV-2693, 2021 WL 4699221, at *4 (2d Cir. Oct. 8, 2021) (summary order). The Clerk of Court is respectfully requested to enter judgments and close both cases. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 6, 2025
       Brooklyn, New York

---

[1] The Court also notes that there does not appear to be diversity between the parties, and so the Court cannot exercise jurisdiction over any putative state claims pursuant to 28 U.S.C. § 1332.